NOT FOR PUBLICATION (Doc. No. 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MARGARET MATTEO, | : |
| Plaintiff, | : |
| v. | : Civil No. 14-435 (RBK/JS) |
|  | : **OPINION** |
| BUMBLE BEE FOODS, LLC, d/b/a Snow's/Doxsee, Inc., Snow's Brands, Inc., Bumble Bee Seafoods, LLC, and John Doe Defendants 1-5, individually and jointly and severally, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This case involves an action for common law breach of contract, violations of the New Jersey Law Against Discrimination (the "NJLAD"), and fraud. Currently before the Court is Defendant Bumble Bee Foods, LLC's[1] Motion to Dismiss Plaintiff Margaret Matteo's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), and for failure to meet the heightened pleading requirements of Rule 9(b).  (Doc. No. 7.)  For the reasons set forth below, the Court will **GRANT** Defendant's motion.

---

[1] Defendant notes in its brief in support of its motion to dismiss that:

> Plaintiff listed several defendants in the caption of the Complaint filed in the Superior Court of New Jersey Law Division, Burlington County: Bumble Bee Foods, LLC, Snow's Brands, Inc., Bumble Bee Seafoods LLC, and John Doe Defendants 1-5. On June 1, 2005, Bumble Bee Seafoods, LLC changed its name to Bumble Bee Foods, LLC; therefore Bumble Bee Seafoods, LLC is not a separate entity. In addition, Snow's Brands, Inc. does not exist. Moreover, Plaintiff served only Defendant Bumble Bee Foods, LLC with a copy of the Summons and Complaint. Thus, this Motion to Dismiss is filed on behalf of Bumble Bee Foods, LLC only.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Although Plaintiff's Complaint is at times unclear, the Court does its best to interpret the Complaint, "accept all factual allegations as true, and construe the [C]omplaint in the light most favorable to [ ] Plaintiff." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

Plaintiff was hired by Bumble Bee in 2005, (Compl. ¶ 1), and subsequently joined the union that "represented workers who worked for [Bumble Bee]," (id. ¶ 71).

During the course of Plaintiff's employment, she suffered three on-the-job injuries. Plaintiff's first injury occurred in October 2006. (See id. ¶¶ 7-8 (stating that Plaintiff hurt her back working in Bumble Bee's "hand palletizer").) The next injury occurred on June 20 2012.[2] Plaintiff was operating "vertical room" equipment when she "twisted her back" after trying to "pull[ ] empty baskets from the unloader table." (Id. ¶¶ 9, 30 & Ex. B.) Plaintiff injured her back again in October 2012, while operating "labeler equipment."[3] (Id. ¶¶ 10, 31.)

After Plaintiff sustained these injuries, Bumble Bee allegedly punished Plaintiff for failing to do her job. (Id. ¶ 11 (stating that Bumble Bee permitted Plaintiff to take a 20 minute break to "rest her back" and then wrote her up for leaving her station); ¶ 12 (stating that Plaintiff was again "written up for 'leaving the line, and refusing to return to assigned duties,' despite the fact that [she] was in severe pain, and requesting medical attention," and told her supervisor that "she could no longer work in the 'hand palletizer' that day").) Bumble Bee also allegedly

---

[2] Although Plaintiff alleges that this injury occurred in 2011, the medical records attached to her Complaint are dated 2012. This discrepancy is immaterial to the Court's resolution of Bumble Bee's motion.

[3] Although Plaintiff alleges that this injury occurred in 2011, it appears that this injury actually occurred in 2012. See note 2 supra.

"doctor shopped" to find physicians to say Plaintiff was not injured and could return to work. (Id. ¶¶ 31-34.)[4]

In addition to Plaintiff's various injuries, she also alleges that she has "always been harassed by her plant supervisor Richard Phillips." (Id. ¶ 23.) Specifically, "Phillips wrote [her] up when her line labeling machine had to be shut down due to repairs" even though it was not Plaintiff's fault. (Id. ¶ 24.) According to Plaintiff, "rumors were rampant throughout the processing plant that Phillips had it out for [her], so that he could have her removed from her current position, in order to have his girlfriend, another [Bumble Bee] employee, take [her] position." (Id. ¶ 28.)

Eventually, Plaintiff was terminated from her employment while she as out of work on state-approved disability. (Id. ¶ 54.)

Bumble Bee removed this action on January 21, 2014, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. (See Notice of Removal (stating that due to Plaintiff's allegations that she was a union member when she was terminated and that she was terminated in breach of contract, Plaintiff's breach of contract claim is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185).)

On February 11, 2014, Bumble Bee moved to dismiss Plaintiff's Complaint under Rules 12(b)(6) and 9(b). (Doc. No. 7.) Plaintiff opposed this motion on March 12, 2014, (Doc. No. 8),

---

[4] Attached to Plaintiff's Complaint are doctors' reports from October and November 2012 that she alleges demonstrate that she was released to work with restrictions that included no repetitive bending, stooping, or kneeling and no lifting of more than 5, and then 10, pounds for five days, and later "light work." (Compl. Ex. D.) Plaintiff also alleges that in September, she used her private insurance in order to visit her physician who determined that her back and neck were "extremely messed up." (Id. ¶¶ 35-37.) Plaintiff alleges, however, that Bumble Bee continued "with their doctor shopping," and found another doctor to say "that Plaintiff was not injured, nor disabled, and could therefore immediately return to work without restrictions." (Id. ¶ 43.) According to Plaintiff, this determination was made even though she was currently out of work "on temporary State disability, and was successfully prosecuting a Workers' Compensation Claim." (Id. ¶ 44.)

3

and Bumble Bee filed its reply on March 28, 2014, (Doc. No. 11).  As this motion is fully briefed, the Court turns to the parties' arguments.

## II. DISCUSSION & ANALYSIS

### A. Legal Standard on a Motion to Dismiss

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  Also, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 131 (quoting Iqbal, 556 U.S. at

680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### B. The New Jersey Law Against Discrimination – Counts One, Three, and Four[5]

The Court construes Plaintiff's Complaint as seeking relief under the NJLAD for disability discrimination as well as a failure to accommodate.

Bumble Bee argues that Plaintiff fails to plead the basic elements of a claim under the NJLAD for either disability discrimination or a failure to accommodate. (Def.'s Br. 4-5.) Plaintiff responds that she has clearly and unambiguously stated a claim "under disability discrimination" because "[s]he was terminated while out of work on Temporary State Disability as the result of an injury that occurred on the job." (Pl.'s Opp'n Br. 6.) Further, it is clear that she was disabled because although Bumble Bee "doctor shopped" to find a doctor who would report that Plaintiff could return to work, Plaintiff's own physician found to the contrary. (Id. at 12.)[6]

---

[5] Plaintiff also alleges that Bumble Bee's "breach of contract" violated the NJLAD. (See Compl. Fifth Count & ¶ 63 ("**FIFTH COUNT – VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION** . . . The manner in which Plaintiff was terminated and, the basis upon which her employer made its' decision to terminate her, represents a breach of contract.").) As the NJLAD does not create any contractual rights, these allegations are considered in conjunction with Count Six, Plaintiff's standalone breach of contract claim.

[6] The Court would like to take a moment to address some of the vexing language in the parties' briefing. In Bumble Bee's brief in support of its motion to dismiss Plaintiff's Complaint, it states: "Counts I, III, IV, and V of the Complaint consist of a mishmash of 'the-defendant-unlawfully-harmed-me' allegations that fail to amount to a facially plausible claim of disability discrimination." (Def.'s Br. 4.) In response, Plaintiff states: "Seriously, that is Defendant's argument to dismiss Plaintiff's Complaint?" (Pl.'s Opp'n Br. 6.) While Plaintiff may disagree with Bumble Bee's argument, it is not clear that this argument is frivolous. See Part II.B. infra. A word of caution for all counsel: ill-considered quips that do nothing to aide the Court in its understanding of the issues show an unfortunate

The NJLAD prohibits an employer from discriminating in the "terms, conditions, or privileges of employment" on the basis of a person's disability, N.J. Stat. Ann. § 10:5-12(a), "unless the handicap precludes the performance of employment," Failla v. City of Passaic, 146 F.3d 149, 153 (3d Cir. 1998) (citing N.J. Stat. Ann. § 10:5-4.1).

To state a prima facie cause of action for disability discrimination under the NJLAD, a plaintiff must allege that (1) she qualified as an individual with a disability, or is perceived as having a disability, as defined by statute; (2) she is qualified to perform the essential functions of the job, or was performing those essential functions, either with or without a reasonable accommodation; (3) she experienced an adverse employment action; and (4) the employer sought another to perform the same work after she was removed from the position.  See Lopez v. Lopez, No. 10-6374, 2014 WL 462548, at *13 (D.N.J. Feb. 4, 2014) (citing Victor v. State, 4 A.3d 126, 141 (N.J. 2010)).

As for Plaintiff's failure to accommodate claim under the NJLAD, this type of claim has been interpreted in accordance with its federal counterpart, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; see also Tynan v. Vicinage 13 of Superior Court, 798 A.2d 648, 657 (N.J. Super. Ct. App. Div. 2002); Armstrong v. Burdette Tomlin Mem'l Hosp., 438 F.3d 240, 246 n.12 (3d Cir. 2006).  To state a claim for failure to accommodate under the NJLAD, a plaintiff must allege:  (1) she was disabled and his employer knew it; (2) she requested an accommodation or assistance; (3) her employer did not make a good faith effort to assist; and (4) she could have been reasonably accommodated.  See McQuillan v. Petco Animal Supplies Stores, Inc., No. 13-5773, 2014 WL 1669962, at *6 (D.N.J. Apr. 28, 2014) (citations omitted).

---

disregard for both the Court and opposing counsel.  The Court advises the parties to avoid these types of comments in the future.

While a request for a reasonable accommodation need not "be in writing or even use the phrase 'reasonable accommodation,'" id. (quoting Taylor, 184 F.3d at 313), the employee "must make clear that . . . assistance [is desired] for his or her disability," id. (quoting Jones v. United Parcel Service, 214 F.3d 402, 408 (3d Cir. 2000)). "Once such a request is made, 'both parties have a duty to assist in the search for appropriate reasonable accommodation and to act in good faith.'" Id. (quoting Taylor, 184 F.3d at 312).

Here, the Complaint is devoid of the necessary factual allegations to state a claim under the NJLAD for disability discrimination. First, Plaintiff fails to allege that she was otherwise qualified to perform the essential functions of her job, with or without accommodation by Bumble Bee; indeed, at one point, Plaintiff alleges that she was unable to perform the physical demands of her job. (See Compl. ¶¶ 3-4.) Second, Plaintiff does not allege that she was performing her job at a level that met Bumble Bee's expectations, and that Bumble Bee sought someone to perform the same work after she was removed from her position.

As for Plaintiff's failure to accommodate claim, although Plaintiff alleges that there were numerous other job assignments at Bumble Bee that could have accommodated her disability, (see Compl. ¶ 18), she makes no further allegations that would support an inference that she requested an accommodation or assistance and that Bumble Bee did not make a good effort to assist such a request. While Plaintiff argues in her opposition brief that "Defendant offered [her] no reasonable form of accommodation whatsoever," that is simply not what was pled.

Accordingly, because Plaintiff has failed to sufficiently allege the basic elements for either of her NJLAD claims, the Court will grant Bumble Bee's motion to dismiss these counts.

### C. Hostile Work Environment – Count Two

Bumble Bee also moves to dismiss Plaintiff's hostile work environment claim.

To state a claim for a hostile work environment, a plaintiff must allege that (1) she is in a protected class; (2) she was subjected to conduct that would not have occurred but for that protected status; and (3) that said conduct was severe or pervasive enough to alter the conditions of employment. Victor, 4 A.3d at 141.

In evaluating a hostile work environment claim, courts consider the "totality of the circumstances." Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990). Accordingly, "a discrimination analysis must concentrate not on individual incidents, but on the overall scenario." Id. at 1484; see also Taylor, 706 A.2d at 692 ("Severity and workplace hostility are measured by surrounding circumstances."). As a general matter, offhanded comments and isolated incidents are insufficient to sustain a hostile work environment claim. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); see also Heitzman v. Monmouth County, 728 A.2d 297, 304 (N.J. Super. Ct. App. Div. 1999), overruled on other grounds by Cutler v. Dorn, 955 A.2d 917 (N.J. 2008). Instead, the "conduct must be extreme to amount to a change in the terms and conditions of employment . . . ." Faragher, 524 U.S. at 788. Further, in evaluating a hostile work environment claim, courts may consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993).

Here, Bumble Bee argues that Plaintiff fails to state a claim for a hostile work environment because her allegation concerning one isolated incident with one supervisor is insufficient, she fails to allege that this incident would not have occurred but for her protected status, and her Complaint fails to set forth any facts that would support an inference that this lone incident was severe or pervasive enough to make a reasonable person believe that the conditions

8

of her employment had been altered and the working environment was hostile or abusive. (Def.'s Br. 6-7.)

Plaintiff responds that the actions of her supervisor coupled with the "rampant rumors" in the processing plant that Phillips "had it in for [her]" and that he was trying to get her fired, and "the related treatment that Plaintiff received from her co-workers clearly created a hostile work environment for Plaintiff."[7] (Pl.'s Opp'n Br. 13.) The Court disagrees.

Based on a review of the Complaint, it is plain that Plaintiff failed to make a facial showing as to any of the elements required to state a claim for hostile work environment.

While Plaintiff alleges that she was disabled for purposes of her NJLAD claim, she does not indicate whether her hostile work environment claim is also premised on her alleged disability. Even if this claim was based on her disability, Plaintiff fails to allege that Phillips' conduct would not have occurred <u>but for</u> her disability, and fails to set forth any allegations that show that Phillips' conduct was so extreme to amount to a change in the terms and conditions of Plaintiff's employment.

Accordingly, the Court will grant Bumble Bee's motion to dismiss this count.

**A. Breach of Contract – Counts Five and Six**

Bumble Bee contends, and the Court agrees, that Plaintiff appears to assert a common law claim for Bumble Bee's breach of the parties' collective bargaining agreement. Bumble Bee argues that this claim is preempted by § 301 of the Labor Management Relations Act ("LMRA"), and that Plaintiff has failed to state a claim under that statute. Plaintiff does not oppose Bumble Bee's motion to dismiss this claim.

---

[7] There are no allegations in Plaintiff's Complaint concerning co-worker conduct.

9

Breach of contract claims that involve a collective bargaining agreement are governed by § 301 of the LMRA.  See 29 U.S.C. § 185; Pilvalis v. Lockheed Martin Corp., No. 12-1354, 2013 WL 1164498, at *7 (D.N.J. Mar. 20, 2013) ("It is well-established that suits alleging a breach of contract based on a collective bargaining agreement are preempted by § 301 of the LMRA, and are thus governed by federal law") (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983)).  Under § 301, parties can bring suit for the "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined . . . [by § 301]."  29 U.S.C. § 185(a).

Claims under § 301 are considered either "hybrid" or "pure."  A "pure" claim is a "standard § 301 action[] in which a union brings suit against an employer on behalf of an injured employee."  Pilvalis, 2013 WL 1164498, at *8 (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983)).  Comparatively, a "hybrid" claim is where an employee brings suit against both her employer and her union.  Id.  "In a hybrid action, the suit against the employer rests on an alleged breach of the collective bargaining agreement, while the claim against the union is based on the union's alleged breach of its duty of fair representation of the employee."  Id.

On the face of the Complaint, Plaintiff does not allege a "pure" claim because her contract claim is solely against her former employer. Pilvalis, 2013 WL 1164498, at *8 (citing Carpenter v. Wawa, No. 09-2768, 2009 WL 4756258, at *4 (E.D. Pa. Dec. 3, 2009) (stating that "[p]ure claims [ ] can only be asserted by unions against employers")).  Additionally, Plaintiff has failed to set forth the necessary allegations in order to sustain a "hybrid" cause of action.  Although District Courts in the Third Circuit have held that "where employees solely assert

10

claims against their former employers for breach of the collective bargaining agreement without likewise naming the union as a defendant, such claims nonetheless constitute hybrid actions," id. (collecting cases), an employee "must still allege and eventually prove, that the union breached its duty of fair representation" in order to successfully and completely establish a viable hybrid claim, id. (citing Swayne v. Mount Joy Wire Corp., No. 10-3969, 2012 WL 1114379, at *7 (E.D. Pa. Mar. 30, 2012)).  Plaintiff's Complaint contains no such allegations.[8]

Accordingly, the Court will grant Bumble Bee's motion to dismiss counts five and six.

### D. Fraud or Misrepresentation – Count Seven

Finally, Bumble Bee moves to dismiss Plaintiff's claim for fraud or misrepresentation. Plaintiff offers no argument in opposition.

Under New Jersey law, the five elements of common-law fraud are:  "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367-68 (N.J. 1997).  Further, Rule 9(b) requires that all claims based on fraud "be pled with particularity." Lum v. Bank of Am., 361 F.3d 217, 220 (3d Cir. 2004).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

---

[8] Bumble Bee also argues that even if Plaintiff sufficiently alleged a hybrid § 301 claim, that claim would be barred by the LMRA's six-month statute of limitations period for hybrid claims.  (See Def.'s Br. 8 (citing Vadino v. A. Valley Eng'rs, 903 F.2d 253, 260 (3d Cir. 1990) (applying six-month statute of limitations for § 301 hybrid claims).) According to Bumble Bee, although it terminated Plaintiff's employment via Termination Letter on April 2, 2013, Plaintiff did not file her Complaint until November 26, 2013, well outside of the six-month limitations period. While Bumble Bee might be correct, it does not appear that Plaintiff attached this Termination Letter to her Complaint, or pled an exact date with regard to her termination.  At this juncture, the Court declines to determine whether this claim is time-barred, but cautions Plaintiff that any attempt to amend this claim may be futile.

Here, Plaintiff alleges that Bumble Bee is liable for fraud or misrepresentation due to its intentional "misrepresent[ation of] its job description, employment application and employment terms." (Compl. ¶ 74.) However, Plaintiff has failed to provide any detail concerning these alleged misrepresentations such as the date, time, or place of the alleged fraud, and thus fails to satisfy Rule 9(b)'s heightened pleading standard.

Accordingly, the Court will grant Bumble Bee's motion to dismiss this claim as well.

### E.  Leave to Amend

"When a plaintiff does not seek leave to amend a deficient [complaint] after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless the amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiff will be granted leave to file a motion to amend her Complaint, which must include a proposed Amended Complaint that cures the pleading deficiencies outlined above. Plaintiff will have seven (7) days from the date of the Order accompanying this Opinion to do so.

### III.  CONCLUSION

For the foregoing reasons, Bumble Bee's motion to dismiss will be **GRANTED**. An appropriate Order will issue today.


Dated: 8/18/2014                                                                   s/ Robert B. Kugler
                                                                                                                                                                      ROBERT B. KUGLER
                                                                                                                                                                      United States District Judge